**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD RODRICK MACDONALD | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv189 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Richard Rodrick MacDonald, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge regarding this matter. The Magistrate Judge recommends dismissing the petition as barred by the applicable statute of limitations.

The Report and Recommendation of United States of Magistrate Judge, together with the pleadings in this matter, has been received and considered by the court. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the applicable law.

The period of limitations applicable to a habeas corpus petition was established in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner contends the limitations period established by the AEDPA is unconstitutional because it denies him the right to present his grievances to the court. However, the United States Court of Appeals for the Fifth Circuit has held that the limitations period is not unconstitutional. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

**NOT FOR PRINTED PUBLICATION**

Petitioner further contends that his conviction is unlawful and void because the state court did not have proper jurisdiction over his case. Accordingly, he asserts there was never a final conviction in place to cause the period of limitations to begin to run. Petitioner's contention regarding the state court's lack of jurisdiction is an argument that he is entitled to relief on the merits. However, the court agrees with the authorities cited in the Report and Recommendation. Petitioner's argument regarding lack of jurisdiction does not provide him with a basis for avoiding the statute of limitations.

Finally, petitioner asserts he should be able to avoid the bar of the statute of limitations because he is actually innocent of the offense he was convicted of committing. As the Magistrate Judge stated, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), allows a habeas petitioner to avoid being barred by limitations if he demonstrates he is actually innocent. However, petitioner is asserting legal arguments as to why his indictment did not provide a basis for him to be convicted of the felony offense of tampering with physical evidence, as well as why the sentence he received exceeded the maximum sentence established by the legislature. These arguments do not demonstrate that petitioner is actually or factually innocent of tampering with physical evidence. *McQuiggin* therefore does not prevent the statute of limitations from being applied to his case.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED** as the opinion of the court. A final judgment shall be entered dismissing this petition in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal

2

**NOT FOR PRINTED PUBLICATION**

constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues he raises are subject to debate among jurists of reason, that a court could resolve the issues raised in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty imposed may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the 22 day of **October, 2021.**

_____
Thad Heartfield
United States District Judge